UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

PATRICIO JOSE GONZALEZ LAY,
a citizen and resident of Chile,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD., a
Liberian Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff PATRICIO JOSE GONZALEZ LAY, a citizen and resident of Chile, sues Defendant ROYAL CARIBBEAN CRUISES, LTD., a Liberian corporation with its principal place of business in Florida doing business as ROYAL CARIBBEAN CRUISES, and alleges:

### JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff PATRICIO JOSE GONZALEZ LAY is sui juris and is a resident and citizen of Chile.

3. Defendant ROYAL CARIBBEAN CRUISES, LTD. is a Liberian corporation doing business as ROYAL CARIBBEAN CRUISES, (RCL), with its principal place of business in Miami, Miami-Dade County, Florida.

*Gonzalez Lay v. Royal Caribbean Cruises, Ltd.*
*Case No.*

4.	This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1333, based on admiralty. The incident alleged below took place while the Plaintiff was a passenger on a vessel in navigable waters, and arose out of traditional maritime activity, the operation of a cruise vessel.

5.	At all material times, Defendant RCL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over RCL exists in the United States District Court for the Southern District of Florida.

6.	At all material times, RCL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7.	In the operative ticket contract, RCL requires fare paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8.	Venue is also proper in this district because RCL's principal place of business is located within this district.

9.	Plaintiff has complied with all conditions precedent to bringing this action, including providing the Defendant a timely written notice of claim on February 11, 2020 as required by the ticket contract, a copy of which is attached as Exhibit 1.

*Gonzalez Lay v. Royal Caribbean Cruises, Ltd.*
*Case No.*

## **LIABILITY AND DAMAGE ALLEGATIONS**

## **COMMON TO ALL COUNTS**

10. At all material times, Defendant RCL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "NAVIGATOR OF THE SEAS."

11. At all material times, Defendant RCL operated, managed, maintained and was in exclusive control of the "NAVIGATOR OF THE SEAS."

12. At all material times, including the injury date of January 12, 2020, the Plaintiff was a fare paying passenger aboard the "NAVIGATOR OF THE SEAS" and in that capacity was lawfully present aboard the vessel.

13. On January 12, 2020, while the Plaintiff was onboard the "NAVIGATOR OF THE SEAS" as a fare paying passenger, he was walking on Deck 13 near an onboard Flowrider water attraction when he slipped on accumulated water or a wet area and thereby fell, sustaining serious injuries to his left leg and ankle.

14. At all material times, the Defendant had actual and/or constructive notice of the dangerous wet or slippery condition described above. The area where the Plaintiff fell is in a highly trafficked area of the vessel near an onboard water attraction, visible to numerous crew members, and is routinely wet. Due to the presence of crewmembers in the area, the recurring wetness of the staircase, and prior similar incidents, RCL at all material times knew or should have known of the wet and slippery condition.

*Gonzalez Lay v. Royal Caribbean Cruises, Ltd.*
*Case No.*

15. As a direct and proximate result of the fall described in Paragraph 13, the Plaintiff was injured in and about his body and extremities, suffered pain and mental anguish therefrom and sustained disfigurement, disability, aggravation or activation of preexisting conditions and the inability to lead a normal life. Furthermore, he incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of his injuries, lost earnings in the past, and has sustained a loss of capacity to earn money in the future. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I - NEGLIGENT MAINTENANCE
## (VICARIOUS LIABILITY)

16. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

17. At all material times Defendant RCL owed the Plaintiff PATRICIO JOSE GONZALEZ LAY, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for his safety, including a duty to maintain the vessel in a reasonably safe condition for passengers including the Plaintiff.

18. At all material times Defendant RCL was vicariously liable for any negligence or failure to exercise reasonable care by its crewmembers onboard the "NAVIGATOR OF THE SEAS" while those crewmembers were acting or failing to act in furtherance of the business of the vessel.

*Case No.*

19. At all material times there existed a dangerous condition on Deck 13 of the "NAVIGATOR OF THE SEAS," as alleged in Paragraph 13 above, of which the Defendant RCL had actual or constructive notice for the reasons alleged in Paragraph 14 above.

20. Notwithstanding the actual or constructive knowledge of RCL and its crewmembers alleged above, Carnival crewmembers on board the "NAVIGATOR OF THE SEAS" responsible for maintenance of the vessel failed to detect or correct the dangerous wet and slippery condition of the deck before the Plaintiff slipped and fell as alleged in Paragraph 13 above.

21. The specific acts of negligence of RCL crewmembers responsible for maintenance of Deck 13 included failure to conduct sufficient routine inspections of the area to detect and correct hazards; failure to maintain the deck in a reasonably safe condition; failure to cordon off the dangerous area; and failure to properly clean and dry water or liquids that were or should in the exercise of reasonable care have been observed by crew. Since these acts and omissions are acts and omissions of RCL crewmembers acting in furtherance of the vessel's business, maintenance of the vessel, RCL is vicariously liable for these negligent acts and omissions by its crewmembers.

22. As a direct and proximate result of the negligence of RCL crewmembers described above, for which RCL is vicariously liable as alleged above, the Plaintiff PATRICIO JOSE GONZALEZ LAY has sustained and will continue in the future to sustain the damages alleged in Paragraph 15.

5
GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Gonzalez Lay v. Royal Caribbean Cruises, Ltd.*
*Case No.*

19. At all material times there existed a dangerous condition on Deck 13 of the "NAVIGATOR OF THE SEAS," as alleged in Paragraph 13 above, of which the Defendant RCL had actual or constructive notice for the reasons alleged in Paragraph 14 above.

20. Notwithstanding the actual or constructive knowledge of RCL and its crewmembers alleged above, Carnival crewmembers on board the "NAVIGATOR OF THE SEAS" responsible for maintenance of the vessel failed to detect or correct the dangerous wet and slippery condition of the deck before the Plaintiff slipped and fell as alleged in Paragraph 13 above.

21. The specific acts of negligence of RCL crewmembers responsible for maintenance of Deck 13 included failure to conduct sufficient routine inspections of the area to detect and correct hazards; failure to maintain the deck in a reasonably safe condition; failure to cordon off the dangerous area; and failure to properly clean and dry water or liquids that were or should in the exercise of reasonable care have been observed by crew. Since these acts and omissions are acts and omissions of RCL crewmembers acting in furtherance of the vessel's business, maintenance of the vessel, RCL is vicariously liable for these negligent acts and omissions by its crewmembers.

22. As a direct and proximate result of the negligence of RCL crewmembers described above, for which RCL is vicariously liable as alleged above, the Plaintiff PATRICIO JOSE GONZALEZ LAY has sustained and will continue in the future to sustain the damages alleged in Paragraph 15.

*Gonzalez Lay v. Royal Caribbean Cruises, Ltd.*
*Case No.*

**WHEREFORE,** the Plaintiff demands judgment against RCL for compensatory damages and the costs of this action.

## COUNT II - NEGLIGENT FAILURE TO WARN OF HAZARD

## (VICARIOUS LIABILITY)

23. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

24. At all material times Defendant RCL owed the Plaintiff PATRICIO JOSE GONZALEZ LAY, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for his safety, including a duty to warn passengers including the Plaintiff of dangerous conditions of which it had actual or constructive notice.

25. At all material times Defendant RCL was vicariously liable for any negligence or failure to exercise reasonable care by its crewmembers onboard the "NAVIGATOR OF THE SEAS" while those crewmembers were acting or failing to act in furtherance of the business of the vessel.

26. At all material times there existed a dangerous condition on Deck 13 of the "NAVIGATOR OF THE SEAS," as alleged in Paragraph 13 above, of which the Defendant RCL had actual or constructive notice for the reasons alleged in Paragraph 14 above.

27. Notwithstanding the actual or constructive knowledge of RCL and its crewmembers alleged above, Carnival crewmembers on board the "NAVIGATOR OF THE SEAS" responsible for maintenance of the vessel failed to warn passengers including the

6
GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Gonzalez Lay v. Royal Caribbean Cruises, Ltd.*
*Case No.*

Plaintiff of the dangerous wet and slippery condition of the deck before the Plaintiff slipped and fell as alleged in Paragraph 13 above through orally delivered or written warnings, appropriate signage or markings, placement of cones, cordoning off the dangerous area, or otherwise, and were thereby negligent.

28. As a direct and proximate result of the negligence of RCL crewmembers described above, for which RCL is vicariously liable as alleged above, the Plaintiff PATRICIO JOSE GONZALEZ LAY has sustained and will continue in the future to sustain the damages alleged in Paragraph 15.

**WHEREFORE,** the Plaintiff demands judgment against RCL for compensatory damages and the costs of this action.

Executed this 11th day of March, 2021.

    *s/Nicholas I. Gerson*
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145

*Gonzalez Lay v. Royal Caribbean Cruises, Ltd.*
*Case No.*

                                                        Telephone:   (305) 371-6000
                                                        Facsimile:    (305) 371-5749
                                                        *Attorneys for Plaintiff*